Citation Nr: 1736702 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 12-28 913 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUES

1. Entitlement to service connection for bilateral wrist/hand disabilities, claimed as tendon damage.

2. Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

S. J. Sico, Associate Counsel
INTRODUCTION

The Veteran served on active duty in the United States Navy from November 2006 through November 2010.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California.

In an August 2002 substantive appeal, the Veteran requested a Board hearing by live video conference, to be held at the RO. The record shows that the Veteran was scheduled for a May 2016 videoconference hearing. However, a notice dated April 2016 informing him of the hearing was returned to VA as undelivered. As a result, the Veteran did not appear, nor did he withdraw his hearing request and the matter was relisted for May 2017. It was at this time the Veteran appeared before the undersigned by live video conference. The transcript of this hearing has been made part of the record.

Here, the issue of service connection for bilateral wrist disabilities, claimed as tendon damage, has been recharacterized to include bilateral hand disabilities, and that of bilateral hearing loss, all of which require additional development. Consequently, all are REMANDED to the Agency of Original Jurisdiction (AOJ) as a result. VA will notify the Veteran if further action is required


REMAND

The Veteran contends he is entitled to service connection for bilateral wrist/hand disabilities and bilateral hearing loss. 

Once VA has provided a VA examination, it is required to provide an adequate one, regardless of whether it was legally obligated to provide an examination in the first place. Barr v. Nicholson, 21 Vet. App. 303 (2007). A medical examination report must contain not only clear conclusions with supporting data, but also a reasoned medical explanation connecting the two. See Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

Bilateral wrist/hand disabilities

The Veteran asserts that his hand and wrist problems are due to the construction work he performed in service on the exterior hulls of navy ships. 

Here, the Veteran was seen for a VA examination in June 2012 for his hands and wrists. Although the examination appeared to cover the Veteran's range of motion in the hand, it hinted that additional diagnostic testing was required to determine the presence of arthritis. Further, there is little, to no indication, to what extent if any, the tendons in the hands or wrists are damaged as the Veteran claims. Most importantly a diagnosis is missing, and, as such, frustrates Board review and requires further development. At the video hearing, this question was discussed by the undersigned with the Veteran. The undersigned asked, and the Veteran agreed, to attend a new VA examination so that these critical questions can be answered.

The Veteran must be afforded a new VA examination to assess the nature, symptomology, etiology and a diagnosis provided for any disabilities for one or both hands and/or one or both wrists. The examiners discussion must include, but is not limited to, if any, tendon damage in the hands and wrists bilaterally. Further, any limitations to ranges of motion, pain, functionality and strength must be examined. In addition, it would be very helpful to know to what extent, if any; his arthritis in his hands or wrists is attributable to service. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2016); McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006).

Bilateral hearing loss

In the present case a VA audiological evaluation was done in June 2012. The examiner indicated the test results were not valid for rating purposes, this is inadequate. This issue was discussed by the Veteran through his representative at the video hearing with the undersigned. It was discussed how the results were found to be invalid due to "inconsistent pure tone testing in both ears and...poor agreement between responses to speech in the tones." The Veteran requested a new examination, and the undersigned concurs with the request.

On remand, the Veteran should be afforded a new VA examination to assess any severity of any hearing loss, in one or both ears, and the VA examination must include an etiological opinion and diagnosis for same. A new examination and opinion must be based on a full review of the record and supported by stated rationale which is needed to fairly resolve the Veteran's claims. See 38 U.S.C.A. 
§ 5103A (West 2014); 38 C.F.R. § 3.159 (2016); McLendon v. Nicholson, infra.

Accordingly, the case is REMANDED for the following action:

1. Obtain copies of all outstanding treatment records the Veteran has received at the La Jolla VA San Diego Healthcare System.

2. Schedule the Veteran for an appropriate examination to determine the nature and etiology of his claimed disabilities of the hands and wrists. 

After review of the claims file, and interview and examination of the Veteran, the examiner is asked to respond to the following:

a) Does the Veteran have a disability of one or both hands or wrists, including the claimed tendon damage? 

b) State whether any disability of the hands or wrist is at least as likely as not (50 percent or greater probability) due to an event, injury, or disease in service.

The examiner is asked to provide a rationale for all opinions. All pertinent evidence, including both lay and medical, must be considered. 

3. Schedule the Veteran for a VA audiological examination for the purpose of determining the nature and etiology of his claimed bilateral hearing loss. 

Following review of the claims file, and interview and examination of the Veteran, the examiner is asked to offer an opinion as to the following:

a) Does the Veteran have a current diagnosis of any hearing loss in one or both ears as defined by VA regulations? 38 C.F.R. § 3.385.

b) Is it at least as likely as not (a 50 percent or higher degree of probability) that the claimed bilateral hearing loss had its onset during his period of service. For purposes of this opinion, the Veteran's in-service noise exposure is conceded. 

The examiner is asked to provide a rationale for all opinions. All pertinent evidence, including both lay and medical, must be considered. 

4. After completion of the above, the AOJ should review the expanded record and determine if the appeal can be granted. If the claim remains denied, the Veteran and his representative should be furnished an appropriate supplemental statement of the case. After an opportunity to respond, the case should be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
H.M. WALKER
Veterans Law Judge, Board of Veterans' Appeals


Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).